**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KEN RIDDLE,   )
                Plaintiff,   )   CASE NO: 2:07-CV-1127-RCJ
      v.   )
DAVID WASHINGTON, et al.,   )   **ORDER**
                Defendants.   )
_____   )

On August 1, 2012, the Court entered an Order (#61) granting summary judgment on Plaintiff's claims for unlawful employment practices in violation of Nev. Rev. Stat. § 613.333 and defamation. Plaintiff filed a Motion for Reconsideration or in the Alternative Motion for Leave to Amend (#62), stating that the Court "sua sponte dismissed Plaintiff's state law claims without allowing briefing on the issue or being advised of all the factual contentions." Plaintiff is incorrect. As the Court stated in the Order (#61), Defendants submitted a Motion for Summary Judgment (#21) addressing the state law claims, and Plaintiff had the opportunity to, and did, oppose (#24) that Motion (#21). Both parties fully briefed the unlawful employment practices and defamation claims. Summary judgment was granted on the federal claims, and the state claims were dismissed for lack of supplemental jurisdiction, and the arguments regarding summary judgment on those claims were never addressed by this Court prior to the August 1, 2012 Order (#61). Therefore, we reject Plaintiff's argument that the Court sua sponte dismissed these claims without allowing briefing. The Court considered the arguments contained in the Motion for Summary Judgment (#21), the opposition (#24), the reply (#27), and the Amended Complaint (#3) before entering the Order (#61).

Plaintiff argues that the defamation claim should not be limited to the single incident discussed in the Court's August 1, 2012 Order (#61). Plaintiff's complaint (#3) only refers to the June 11, 2007 letter written by Washington, and does not allege, even in a general manner, any other acts of alleged defamation. Nor did Plaintiff make this argument in his Opposition (#24) to the Motion for Summary Judgment (#21). We therefore deny Plaintiff's Motion for Reconsideration (#62).

In the alternative, Plaintiff requests leave to amend his pleadings in order to include a defamation claim for Washington's alleged statements to Al H. Gillespie, who was the President of the Nevada Fire Chief's Association. Plaintiff provides a declaration by Gillespie, in which Gillespie states that when the Nevada Fire Chief's Association was considering hiring Plaintiff as an executive director in April 2007, Washington told Gillespie not to hire Plaintiff as Plaintiff could not be trusted with the Nevada Fire Chief's Association's money. (Gillespie Decl. ¶¶ 2-3 (#62-1).) Gillespie also states that Washington "threaten[ed] to have all the City of Las Vegas fire chiefs quit the organization if Ken Riddle was hired." (Id. ¶ 4.) Plaintiff was hired despite these statements. (Id. ¶ 5.)[1]

---

[1] For a defamation claim to succeed, Plaintiff must show (1) a false and defamatory statement; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. Clark Cnty. Sch. Distr. v. Virtual Educ. Software, Inc., 213 P.3d 496, 503 (Nev. 2009). Because Plaintiff was ultimately hired by the Nevada Fire Chief's Association despite Washington's statements to Gillespie, Plaintiff cannot show damages and the defamation claims fails as a matter of law unless the statement is defamatory per se. A statement that imputes a person's lack of fitness for trade, business, or profession is deemed defamation per se and damages are presumed. K-Mart Corp. v. Washington, 866 P.2d 274, 282 (Nev. 1993), receded from for other reasons by Pope v. Motel 6, 114 P.3d 277 (Nev. 2005). Washington's statement falls under the category of defamation per se because it relates to Plaintiff's fitness for his profession. However, "[a] former employer has a qualified or conditional privilege to make otherwise defamatory communications about the character or conduct of former employees to present or prospective employers, as they have a common interest in the subject matter of the statements." Circus Circus Hotels, Inc. v. Witherspoon, 657 P.2d 101, 105 n.3 (Nev. 1983). The qualified privilege may be lost if exercised in an unreasonable manner or for an improper purpose, or if the defendant makes the defamatory statement with malice. Walsh v. Consol. Freightways, Inc., 563 P.2d 1205, 1210 (Or. 1977). In this case, Washington undoubtedly retains a qualified privilege to speak of Plaintiff's character or conduct to a prospective employee, and furthermore, the evidence, as provided by Plaintiff, shows that Washington's communication to Gillespie did not cause any actual harm to Plaintiff. While the statement may fall under defamation per se, which does not require proof of damages, we simply note that in this case, there is affirmative evidence that Washington's statement did not prevent Plaintiff from obtaining employment at the Nevada Fire Chief's Association. Furthermore, Washington's statements concerning

2

Plaintiff is requesting leave to amend the pleadings to include an entirely new defamation claim only days before jury trial is set to begin.  While Plaintiff argues that Defendants were on notice that the Gillespie incident was included in the defamation claim since July 20, 2009, when Plaintiff was deposed, Plaintiff has never, prior to this date, requested leave to amend the complaint, which unequivocally stated that the defamation claim concerned Washington's letter only, nor did Plaintiff mention this incident in his opposition (#24) to the Motion for Summary Judgment (#21).  The opposition (#24) was filed on March 5, 2010, more than seven months after Plaintiff claims Defendant should have been on notice that there was an additional defamation claim.  For these reasons, the Court finds that allowing Plaintiff to amend his complaint less than a week before trial to include a new claim for defamation would unduly prejudice Defendants.

IT IS ORDERED that Plaintiff's Motion for Reconsideration or for Leave to Amend (#62) is DENIED.

DATED: This 1st day of August, 2012.

_____
United States District Judge

---

Plaintiff's trustworthiness with respect to being in charge of the Nevada Fire Chief's Association's money arises out of Washington's experience, corroborated by Plaintiff's admissions, that Plaintiff accidentally or intentionally misused credit cards belonging to other fire associations on more than one occasion while under Washington's employ. Therefore, while we do not grant Plaintiff leave to amend due to reasons of undue prejudice and delay, we note that even were we to grant Plaintiff leave to amend, the newly-alleged defamation claim would likely also fail as a matter of law.

3